```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   9/13/2022_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA

           -against-

WILLY SANCHEZ,

                      Defendant.

----------------------------------------------------------X

19-CR-360 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Defendant Willy Sanchez has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def. Mot., ECF No. 101.)[1] The Government opposes Sanchez's motion. (Gov't Opp'n, ECF No. 105.) For the reasons set forth below, Sanchez's motion is DENIED.

## BACKGROUND

    Sanchez was arrested on April 16, 2019 for conspiring to possess and distribute various controlled substances including cocaine, fentanyl, and heroin. (*Id.* at 4.) On January 3, 2020, Sanchez pleaded guilty to the lesser included offense of participating in a conspiracy to possess 500 grams or more of a mixture or substance containing cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. (*Id.*)

    The parties stipulated that the applicable Federal Sentencing Guidelines range was 135-168 months' imprisonment. (*Id.*) The Probation Office recommended a sentence of 135 months' imprisonment. (*Id.*) On June 16, 2021, the Court sentenced Sanchez to 111 months'

---

[1] Alternatively, Sanchez has requested that he be temporarily released until the COVID-19 pandemic has ended pursuant to 18 U.S.C. § 3622. (*Id.*) As only the Bureau of Prisons ("BOP") has the authority to grant inmate furloughs, this Court will not consider Defendant's request. *See* 18 U.S.C. § 3622.

imprisonment, which was below the Guidelines range. (Sent. Tr. at 18, ECF No. 89.) Sanchez filed a notice of appeal on June 29, 2021. (ECF No. 86.)[2]

On January 11, 2022, Sanchez filed the present motion. (Def. Mot.) The Government responded on January 31, 2022 (Gov't Opp'n), and Sanchez replied on March 24, 2022. (Def. Reply.)

## JURISDICTION

Due to Sanchez's pending appeal, this Court lacks authority to grant his motion for compassionate release. A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Although the filing of a notice of appeal "does not preclude a district court . . . from correcting clerical errors," it prevents a district court from issuing "substantive modifications of judgments." *United States v. Ransom*, 866 F.2d 574, 575-76 (2d Cir. 1989) (internal citations omitted). Accordingly, a district court lacks jurisdiction to consider a defendant's compassionate release motion while a defendant's direct appeal remains pending. *See, e.g.*, *United States v. Genovese*, No. 18-CR-183, 2020 WL 4004164, at *1 (S.D.N.Y. July 15, 2020) (Pauley, J.); *United States v. Skelos*, No. 15-CR-317, 2020 WL 2508739, at *1 (S.D.N.Y. May 15, 2020) (Wood, J.); *United States v. Martin*, No. 18-CR-834, 2020 WL 1819961, at *1-2 (S.D.N.Y. Apr. 10, 2020) (Engelmayer, J.).

Federal Rule of Criminal Procedure 37 anticipates this jurisdictional issue. Rule 37 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of

---

[2] Sanchez asserts that he has withdrawn his appeal. (Def. Reply at 3, ECF No. 106.) Sanchez's appeal, however, currently remains pending in the Second Circuit.

appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). The Advisory Committee Notes list "motions under 18 U.S.C. § 3582(c)" as one of three types of motions for which "Criminal Rule 37 will be used primarily if not exclusively." Fed. R. Crim. P. 37 advisory committee's notes to 2011 amendment.

If not for his pending appeal, the Court would deny Sanchez's motion for compassionate release. Thus, in the interests of judicial economy, the Court reaches the merits of Sanchez's motion pursuant to Rule 37. *See, e.g.*, *Genovese*, 2020 WL 4004164, at \*2-5 (denying a motion for compassionate release on the merits pursuant to Rule 37 while defendant's appeal was pending); *Skelos*, 2020 WL 2508739, at \*2-3 (same).

## DISCUSSION

A court may reduce a defendant's sentence upon motion by the Director of the BOP or upon motion by the defendant if the court finds that "extraordinary and compelling reasons warrant such a reduction" and such a reduction is consistent with the Sentencing Commission's "applicable policy statements" and the "factors set forth in 18 U.S.C. §3553(a)." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*

Congress delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission has determined that a defendant's circumstances meet this standard when, *inter alia*, the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not

3

expected to recover," or if, in the judgment of the BOP, the defendant's circumstances are "extraordinary and compelling" for "other reasons." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D). Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the BOP's judgment. *See United States v. Lisi*, 440 F. Supp. 3d 246, 250 (S.D.N.Y. 2020) (Failla, J.). In addition, the Sentencing Commission has resolved that a court should reduce a defendant's sentence only after determining that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

**I. Exhaustion**

A defendant may move for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government contends that Sanchez has failed to exhaust his administrative remedies because he never submitted a request for compassionate release to the BOP. (Gov't Opp'n at 9.) Sanchez maintains that he submitted his request to the BOP on November 13, 2021, and that the BOP never responded. (Def. Mot. at 4.) Sanchez has not, however, provided any evidence to substantiate this assertion. Therefore, it is unclear whether Sanchez has satisfied the exhaustion requirement. Nevertheless, the Court need not decide the issue of exhaustion because a reduction of Defendant's sentence would not be warranted even if his motion were properly before the Court.[3]

---

[3] Even if Defendant never submitted his request to the BOP, the Court would still have jurisdiction to reach the merits of his motion. *See, e.g., United States v. Pichardo*, No. 17-CR-512, 2020 WL 3819602, at *2 (S.D.N.Y. July 8, 2020) (Wood, J.) ("The Court need not decide the issue of exhaustion . . . because a reduction of Defendant's sentence would not be warranted even if his motion were properly before the Court."); *United States v. Haney*, 454 F. Supp. 3d 316, 319-20 (S.D.N.Y. 2020) (Rakoff, J.) (concluding that a defendant's failure to meet § 3582(c)(1)(A)'s exhaustion requirement did not deprive the court of jurisdiction to decide defendant's motion on the merits).

**II. No Extraordinary or Compelling Reasons for Release**

In his motion, Sanchez argues that release is warranted because: (1) he is at an increased risk of illness due to the COVID-19 pandemic and his pre-existing medical conditions, race, and gender; (2) he is receiving insufficient medical care, (3) he must care for his ailing mother in the Dominican Republic; (4) his due process rights are being violated because, as an illegal alien, he is ineligible to participate in certain inmate programs; and (5) he has been rehabilitated. (Def. Mot. at 5-15.) None of these arguments constitutes an "extraordinary and compelling" reason for release.

First, Sanchez argues that early release is warranted because he is at a high risk of contracting COVID-19 at Federal Correctional Institution ("FCI") Hazelton and suffering severe outcomes due to his pre-existing conditions (*i.e.,* obesity, hypertension, diabetes, kidney disease, and high cholesterol), race, and gender. (Def. Mot. at 5-7). But there are currently no confirmed active cases of COVID at FCI Hazelton, and the facility has implemented safety measures to reduce the risk of infection. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated Sept. 12, 2022, 3:00 PM). Furthermore, Sanchez has been fully vaccinated and has received a booster shot (*see* Gov't Opp'n, Ex. A at 1), which means that he is less likely to contract or become seriously ill from COVID-19. *See, e.g.*, Ctr. for Disease Control & Prevention, *Overview of COVID-19 Vaccines*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/overview-COVID-19-vaccines.html (last updated Sept. 2, 2022). Thus, even with his pre-existing conditions, Sanchez cannot show that COVID-19 is an "extraordinary and compelling" reason for release. *See e.g.*, *United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (McMahon, J.) ("[T]he risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling

5

reasons after he has been vaccinated."); *United States v. Sanchez*, No. 19-CR-732, 2022 WL 252064, at *3 (S.D.N.Y. Jan. 27, 2022) (Wood, J.) (denying a defendant's motion for compassionate release despite defendant's diagnoses of obesity, hypertension, diabetes, and neck pain because the defendant was "fully vaccinated.")

Second, Sanchez asserts that compassionate release is appropriate because he is not receiving adequate medical care at FCI Hazelton. (Def. Motion at 6-8.) This contention is unsupported by the record. Sanchez's medical records show that Sanchez has had multiple appointments with BOP medical staff to monitor and treat his chronic health conditions and acute medical issues. (Ex. A at 2-6). Sanchez has also been prescribed medications to treat his ailments, although he has frequently neglected to take his medications. (*Id.* at 2-4, 9, 18.) While Sanchez asserts that his implant removal surgery scheduled for March 4, 2022 never occurred (Def. Reply at 13), the rescheduling of one surgery is insufficient to demonstrate that Sanchez's medical care has been so inadequate that it constitutes an "extraordinary and compelling" reason for release.

Third, Sanchez contends that his sentence should be terminated because he needs to care for his ailing mother in the Dominican Republic. (Def. Mot. at 12-13). But Sanchez has not demonstrated that he is the only available caregiver for his mother. Sanchez's father is currently caring for Sanchez's mother. (*Id.*) Additionally, Sanchez has three adult siblings – one of whom resides with Sanchez's parents – who are presumably capable of assuming caretaking responsibilities should Sanchez's father be unable to care for Sanchez's mother in the future. (Presentence Investigation Rep. ¶ 58, ECF No. 53.) Since Sanchez is not his mother's only available caretaker, the Court declines to grant his motion for compassionate release based on his family circumstances. *See, e.g.*, *United States v. Bennett*, No. 15-CR-95, 2022 WL 3445349, at *2 (S.D.N.Y. Aug. 17, 2022) (Cronan, J.) (denying compassionate release because defendant did

6

not establish that he was his family member's only available caregiver); *United States v. Francisco-Ovalle*, No. 18-CR-526, 2021 WL 123366, at *3 (S.D.N.Y. Jan. 13, 2021) (Nathan, J.) (same).

Fourth, Sanchez claims that compassionate release is warranted because his due process rights are being violated in that he is ineligible to participate in certain inmate programs due to his immigration status. (Def. Mot. at 9-11). But courts across the country have repeatedly held that the exclusion of illegal aliens from BOP rehabilitation programs is not unconstitutional. *See, e.g.*, *Builes v. Warden Moshannon Valley Corr. Ctr.*, 712 Fed. Appx. 132, 134-35 (3d Cir. 2017); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194-96 (5th Cir. 2012). Moreover, challenges to the conditions of confinement are properly raised in a habeas petition pursuant to 28 U.S.C. § 2241. *See United States v. Zehner*, 19-CR-485, 2020 WL 3057759, at *2 (S.D.N.Y. June 8, 2020) (Torres, J.) (citing *Levine v. Apker*, 455 F.3d 71, 78 (2d. Cir. 2006). If Sanchez wishes to raise this issue, he must do so by filing a § 2241 petition in the district of his confinement – the Northern District of West Virginia. *See Id.*

Lastly, Sanchez argues that his rehabilitation constitutes an "extraordinary and compelling" reason for release. A court may consider a defendant's rehabilitation in combination with other factors when ruling on a § 3582(c)(1)(A) motion. *See United States v. Booker*, 976 F.3d 228, 237-38 (2d Cir. 2020). However, here, Sanchez has failed to provide any evidence to support his claim of rehabilitation. Hence, Sanchez cannot rely on his rehabilitation as an "extraordinary and compelling reason" for release.

Because the Court finds there are no "extraordinary and compelling" reasons warranting compassionate release in this case, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

For the foregoing reasons, Sanchez's motion for compassionate release pursuant to § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 101.

SO ORDERED.

Dated: New York, New York  /s/ Kimba M. Wood
September 13, 2022  KIMBA M. WOOD
United States District Judge