USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED: February 16, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

WILLY SANCHEZ,

Defendant.

19-CR-360 (KMW)

ORDER

KIMBA M. WOOD, United States District Judge:

On June 15, 2021, Willy Sanchez was sentenced principally to a term of imprisonment of 111 months. (J. at 2, ECF No. 85.) On January 29, 2024, Sanchez filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2),[1] and a request for the appointment of counsel. (Def.'s Mot., ECF No. 123.) Sanchez also seeks relief pursuant to the First Step Act of 2018, P.L. No. 115-391, 132 Stat. 5194 (2018). (*Id.* at 2.)

Pursuant to Section 3582(c)(2), a court may reduce a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the [Section 3553(a) factors,] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Effective November 1, 2023, in its Amendment 821, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Guidelines Manual. As relevant here, Part A amends Guidelines § 4A1.1, by reducing from two (2) points to zero (0)

---

[1] Defendant does not cite 18 U.S.C. § 3582(c)(2) in his motion. The Court construes his motion as brought pursuant to 18 U.S.C. § 3582(c)(2) because it is the proper mechanism through which to obtain a sentence reduction pursuant to Amendment 821.

points the upward adjustment for offenders who committed the instant offense while under a criminal sentence, if the Defendant has six (6) or fewer criminal history points.

On February 2, 2024, the United States Probation Department ("Probation") issued a report stating that Sanchez is eligible for a recalculation of his Guideline range because he received an enhancement for committing the instant offense while under any criminal sentence, and is eligible for a status point recalculation pursuant to U.S.S.G. § 4A1.1.  (Suppl. Presentence Investigation Report ("Suppl. PSR") at 2, ECF No. 126.)   Sanchez's original Guideline range was 135 to 168 months' imprisonment, based on an offense level of 31 and a criminal history category of III.  (*Id.* at 3.)  Sanchez's amended Guideline range is 121 to 151 months' imprisonment, based on an offense level of 31 and a criminal history category of II.  (*Id.*)  Probation determined that Sanchez is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because Sanchez's original sentence of 111 months' imprisonment is below his reduced Guideline range of 121 to 151 months' imprisonment.  (*Id.*)

Sanchez also seeks relief and appointment of counsel to evaluate a claim regarding Amendment 817, effective November 1, 2023, where the Sentencing Commission in part expanded applicability of the safety valve provision of the First Step.  (Def.'s Mot. at 2.)  Sanchez is not entitled to a sentence reduction in connection with Amendment 817 pursuant to 18 U.S.C. § 3582(c)(2) because Amendment 817 is not an enumerated amendment covered by the applicable policy statement.  *See* U.S.S.G. § 1B.10(d).

The Court has considered the record in this case, and it is hereby ORDERED that Sanchez is ineligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) in connection with Amendments 821 and 817 because Sanchez's original sentence is below his reduced Guideline range.  Because Sanchez is ineligible for a sentence reduction pursuant to 18

U.S.C. § 3582(c)(2), Sanchez's motion for appointment of counsel for this motion is DENIED. *See United States v. Cirineo,* 372 F. App'x 178, 179-80 (2d Cir. 2010) (summary order) (explaining that a court does not abuse its discretion in denying a defendant's motion for appointment of counsel "where it [is] readily ascertainable from the record that [the defendant is] ineligible for a reduction in sentence" pursuant to Section 3582(c)(2)).

To the extent that Sanchez, proceeding *pro se*,[2] is seeking a modification of an imposed term of imprisonment pursuant to the First Step Act, however, the Clerk of Court is ORDERED to open a new civil case pursuant to 28 U.S.C. § 2241.

SO ORDERED.

                                                                      */s/ Kimba M. Wood*
                                                                     KIMBA M. WOOD
                                                                     United States District Judge

Dated: February 16, 2024
       New York, New York

---

[2] Because Defendant is proceeding *pro se*, the Court construes his motion liberally. *See Green v. United States,* 260 F.3d 78, 83 (2d Cir. 2001).