UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

                v.

WILLY SANCHEZ,

                Defendant.

------------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 3/31/26 |

19-CR-360 (KMW)
**OPINION AND ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Willy Sanchez has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot. ECF No. 130.) The Government opposes the motion. (Govt't Opp'n, ECF No. 132.) For the reasons set forth below, Defendant's motion is DENIED.

**BACKGROUND**

On January 3, 2020, Sanchez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of §21 U.S.C. 841(b)(1)(B). (Judgment, ECF No. 85.) Specifically, Sanchez would receive quantities of cocaine from co-conspirators, which he would then distribute to others. (Presentence Investigation Report ("PSR") ¶ 10, ECF No. 53.) Sanchez maintained a stash house for narcotics at 111 Wadsworth Avenue in Manhattan. (*Id.*)

On June 15, 2021, the Court sentenced Defendant to 111 months' imprisonment, to be followed by four years of supervised release. (Sentencing Tr. at 18, ECF No. 89.) Defendant is currently incarcerated at FCI Hazelton and is scheduled to be released on May 11, 2027.

Defendant filed a *pro se* notice of appeal on June 29, 2021. (ECF No. 86.) On January 11, 2022, Defendant submitted a *pro se* application for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). (ECF No. 101.) On September 13, 2022, the Court denied the motion for lack of jurisdiction because of Defendant's pending appeal. (ECF No. 112.) Defendant moved for voluntary dismissal of the appeal, which was granted by the Second Circuit, on December 21, 2023. (ECF No. 119.)

On January 29, 2024, Defendant filed a *pro se* motion for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) and the First Step Act of 2018. (ECF No. 123.) The Court denied the motion on February 16, 2024. (ECF No. 127.) On June 4, 2024, Defendant filed a *pro se* motion for reconsideration. (ECF No. 128.) The motion for reconsideration was denied by the Court on July 15, 2024. (ECF No. 129.)

Sanchez filed his present motion for compassionate release on July 1, 2025. (*See* Def.'s Mot.) On August 12, 2025, the Government filed a response in opposition to Defendant's motion. (*See* Gov't Opp'n.) Defendant's reply was filed on September 15, 2025. (Def.'s Reply, ECF No. 133.)

## LEGAL STANDARD

Pursuant to § 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a

defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons

("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons

warrant such a reduction." *Id.* Amended policy statement U.S.S.G §1B1.13, effective

November 1, 2023, now controls the analysis of a compassionate release petition as to what

constitutes extraordinary and compelling reasons. *United States v. Corbett*, 10-CR-184 (PAE),

2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023). These reasons include: (1) the medical

circumstances of the defendant; (2) the age of the defendant; (3) family circumstances of the

defendant; (4) whether the defendant was a victim of abuse in custody; (5) "any other

circumstances or [a] combination of circumstances" that are "similar in gravity" to the reasons

above; (6) where a "defendant has received an unusually long sentence and has served at least 10

years of [that sentence], a change in the law... may be considered... where such change would

produce a gross disparity between the sentence being served and the sentence likely to be

imposed at the time the motion is filed." U.S.S.G. §1B1.13. Third, the Section 3553(a)

sentencing factors must support early release. 18 U.S.C. §3582(c)(1)(A). Such factors include

"the nature and circumstances of the offense and the history and characteristics of the defendant"

and "the need for the sentence imposed...to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense." 18 U.S.C. §3553(a).

## DISCUSSION

### I.     Exhaustion of Administrative Remedies

A defendant may move for compassionate release only after he has "fully exhausted all

administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the

lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is

earlier. 18 §3582(c)(1)(A). In his motion, Defendant submits that he sent such a request to the Warden at FCI Hazelton and did not receive a response within 30 days. (Def.s Mot. at 3.) Defendant references an "attached" Exhibit A, but no such documentation is attached. (*Id.*) Defendant includes a "Sworn Affidavit in Support" to his motion, in which he affirms "under penalty of perjury" that he submitted a request to the Warden on April 12, 2025. (*Id.* at 10.) FCI Hazelton asserts, through the Government, that it does not have record of Defendant's request to the Warden. (Gov't Opp'n at 5.)

The Court notes that the exhaustion requirement in §3582(c)(1)(A) is not a jurisdictional limitation. *United States v. Saladino*, 7 F. 4th 120, 122 (2d Cir. 2021). "The exhaustion requirement is a claim-processing rule that may be waived or forfeited by the government." (*Id.* at 121.) In this case, FCI Hazelton has no record of Defendant's request to the Warden and Defendant did not submit a copy of such request to the Court. Thus, the Court finds that Defendant has not exhausted his administrative remedies.

## II.    Defendant Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release

Irrespective of exhaustion, Sanchez has not shown "extraordinary and compelling" reasons to justify a reduction in sentence. In his motion, Sanchez argues that his sentence should be reduced because (1) his sentence is unusually long; and (2) he is an illegal alien subject to deportation.

Defendant does not meet the criteria set forth in U.S.S.G. §1B1.13(b)(6). Where a defendant has "received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law …may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a

gross disparity between the sentence being served and the sentence likely to be imposed...' (*Id.*) Defendant has served approximately 75 months of his 111-month sentence. Thus, Defendant has not served at least 10 years of a term of imprisonment, nor was he sentenced to a 10-year term of imprisonment. Moreover, Defendant has not identified a change in the law that would create a "gross disparity" between his sentence and a sentence likely to be imposed. "In the absence of any change in the law that would reduce [defendant's] sentence, there necessarily cannot be any gross disparity between the sentence he is serving and the sentence he would receive today." *United States v. Santos*, No. 01 Cr. 537 (ARR), 2024 WL 4212024 at \*3 (E.D.N.Y. Sept. 17 2024) (internal quotation marks omitted). Finally, Defendant's sentence is not unusually long. Defendant had two prior convictions for narcotics distribution, one of which resulted in a 78-month term of imprisonment. (PSR ¶¶ 50, 51, ECF No. 53.) Defendant committed the instant offense after having been deported and illegally reentering the United States. (PSR ¶ 51.) Sanchez maintained an apartment building as a stash house for his narcotics distribution and was determined to be responsible for distributing over 20 kilograms of cocaine and 100 grams of heroin. (PSR at 28.) Sanchez was permitted to plead to the lesser included offense which carried a 60-month mandatory minimum; had he been convicted of the charged conduct, Sanchez would have faced a 120-month mandatory minimum. (Gov't Opp'n at 9.) The 111-month sentence that the Court imposed was below the Sentencing Guidelines range of 135-168 months' imprisonment. (PSR at 27.) Considering the above factors, Defendant's criminal history and the scope of the criminal activity, the sentence imposed is not "unusually long." *See United States v. Garcia*, No. 15 Cr. 321 (GHW), 2024 WL 4534707, at \*2 (S.D.N.Y. Oct. 21, 2024) (finding 286-month sentence for narcotics conspiracy was not "unusually long" considering the

scope and scale of the crime and the fact that the court did not impose an enhancement for prior criminal history).

Sanchez argues that his future deportation as an illegal alien, and his willingness to "self deport" constitute an extraordinary and compelling circumstance. The Court specifically noted in imposing the 111-month sentence that Defendant had not been individually deterred by prior sentences. (Sentencing Tr. at 17, ECF No. 89.) Release and deportation would conflict with the Court's goal of individual deterrence and does not support compassionate release. *See United States v. Paulino*, No. 18 Cr. 173-2 (NRB), 2025 WL 2070822 at *2 (S.D.N.Y. July 23, 2025.) (finding that impending deportation did not support compassionate release because it would "effectively grant illegal aliens who commit crimes in this Country a 'get out of jail free' card."). Sanchez further argues that his immigration status may prevent him from receiving time credits under the FSA, thus he should be granted early release. This argument also fails. "The FSA denies all prisoners in [Defendant's] position credit towards early release. His circumstance reflects the ordinary functioning of congressional policy." *United States v. Herrera*, 21 Cr 750 (LJL), 2023 WL 3862695 at *3 (S.D.N.Y. June 7, 2023.) Defendant's circumstances reflect congressional intent and do not constitute extraordinary and compelling reasons for a sentence reduction.

In addition, Defendant argues in his reply that the non-violent nature of his crime constitutes an extraordinary and compelling reason for release. However, Defendant's conduct had the potential for extreme danger. Defendant maintained a stash house in a residential apartment building, conducted drug deals in a residential neighborhood and distributed dangerous drugs into society. (Gov't Sent. Subm., ECF No. 80.)

Finally, Defendant submits in his reply that the Court should consider his exemplary rehabilitation as an extraordinary and compelling reason for release. Although Defendant's rehabilitation and clean prison record are commendable, rehabilitation alone may not be the ground for a sentence reduction. *See United States v. Brooker*, 976 F.3d 228, 237-38 (2d Cir. 2020) (finding that "[r]ehabilitation alone may not be considered an extraordinary and compelling reason.")

## III. The Section 3553(a) Factors

Even if Sanchez had established extraordinary and compelling reasons justifying compassionate release, the Court would not grant release based upon an analysis of the Section 3553(a) factors. *See United States v. Alba* 2023 WL 220988, at *3 (2d Cir. 2023); *see also United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021.) Defendant has not presented any new, mitigating circumstances to the Court in considering the 3553(a) factors, aside from maintaining a clean prison record and purported rehabilitation. The Court considered at sentencing, as it does now, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate individual and general deterrence and to protect the public from further crimes of the defendant. As the Court has already noted, Defendant maintained a stash house for narcotics in a residential building and was responsible for helping to operate a sophisticated business distributing narcotics in a residential neighborhood. At sentencing, the Court specifically stated Defendant had not been individually deterred from prior terms of imprisonment. (Sentencing Tr. at 17, ECF No. 89.) At the same time, however, the Court considered Defendant's medical conditions and conditions of imprisonment. (*Id.* at 3-11, 15, 17.) The Court imposed a sentence of 111 months' imprisonment, a sentence below the

Guidelines Range of 135 - 168 months' imprisonment.   The Court concludes that the 111-month sentence was sufficient but no greater than necessary to achieve the goals of sentencing and Defendant's post-sentencing conduct does not warrant a further reduction in sentence.

## CONCLUSION

For the foregoing reasons, Sanchez's motion for compassionate release under Section 3582(c)(1)(A) is DENIED.  The Clerk of the Court is respectfully directed to close the pending motion at ECF No. 130 and mail a copy of this Opinion and Order to Sanchez.

SO ORDERED.

Dated: New York, New York

March 31, 2026

_____
KIMBA M. WOOD
United States District Judge